**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARDOCHE T. KABUMVU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-26-1056-R |
| | ) | |
| FRED FIGUEROA, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is the Report and Recommendation [Doc. No. 13] of United States Magistrate Judge Suzanne Mitchell, recommending that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be granted. Respondents filed an Objection [Doc. No. 14], which triggers de novo review of those portions of the Report to which a specific objection is made, and Petitioner filed a Response [Doc. No. 15] to the Objection.

Petitioner, a noncitizen, is the subject of a final order of removal and is currently detained. His Petition asserts that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment. In *Zadvydas*, 533 U.S. at 689, the Supreme Court construed 8 U.S.C. § 1231(a)(6) as prohibiting the indefinite detention of noncitizens subject to a final order of removal and awaiting deportation. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that

1

showing." *Id*. "What constitutes a 'significant likelihood of removal' and how to measure the 'reasonably foreseeable future,'…is incapable of any bright-line delineation. Instead the analysis is case-specific and fact driven." *Khaliq v. Noem*, No. CIV-25-1154-SLP, 2026 WL 196631, at *6 (W.D. Okla. Jan. 26, 2026).

Here, Judge Mitchell concluded that Petitioner met his burden of showing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and that Respondents failed to rebut this showing. Judge Mitchell also concluded that Respondents improperly revoked Petitioner's prior Order of Supervision when they failed to give him notice or an interview as required by the applicable regulations. Judge Mitchell therefore recommends that Petitioner be released from custody subject to an Order of Supervision.

Respondents lodge one specific objection to the Report: they argue that habeas relief is improper because Petitioner has refused to sign certain documents and is therefore failing to cooperate in the process.[1] In response, Petitioner's counsel submitted an affidavit stating that he twice contacted ICE to explain that Petitioner was not refusing to sign the documents but wanted to give his attorney an opportunity to review them. The documents Petitioner purportedly refused to sign include a custody review notice and an instruction sheet, not a travel document application. The Court is not persuaded that these

---

[1] Respondents' additional arguments are "too general to trigger de novo review" because they do not "alert this Court as to what legal or factual errors they believe [the magistrate judge] made in reaching his conclusion." *Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025). In any event, the Court has reviewed the Report and filings in full and, upon de novo review, agrees with Judge Mitchell's conclusions.

circumstances display the sort of non-cooperation that might warrant a finding that Petitioner is obstructing the removal process. Further, Respondents have not provided any additional evidence showing that they have made legitimate, case-specific progress in obtaining travel documents or effecting Petitioner's removal. Under these circumstances, the Court agrees with the analysis and conclusions reached in Judge Mitchell's Report.

Accordingly, the Court ADOPTS the Report and Recommendation and, for the reasons stated therein GRANTS the Petition for Writ of Habeas Corpus [Doc. No. 1]. Respondents are directed to immediately release Petitioner from custody subject to an appropriate Order of Supervision. Respondents shall certify compliance with this order by filing a status report within seven days.

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3